## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Richmond Division

**MICHAEL E. TORY, JR.,**

      Petitioner,

v.                                          Civil Action No. **3:12CV905**

**R.C. METHENA,**

      Respondent.

### MEMORANDUM OPINION

Michael E. Tory, Jr., a Virginia state prisoner proceeding *pro se*, brings this petition pursuant to 28 U.S.C. § 2254 ("§ 2254 Petition") challenging his convictions in the Circuit Court of the City of Virginia Beach, Virginia ("Circuit Court"). Respondent moves to dismiss, *inter alia*, on the ground that the one-year statute of limitations governing federal habeas petitions bars the § 2254 Petition. Respondent provided Tory with appropriate *Roseboro*[1] notice. (ECF No. 12.) Tory has not responded. The matter is ripe for disposition.

### I. PROCEDURAL HISTORY

A grand jury indicted Tory on charges of use of a firearm in the commission of a felony, malicious wounding, and aggravated malicious wounding. Indictment at 1, *Commonwealth v. Tory*, Nos. ASL–1319–F9, ASL–1334–F3 (Va. Cir. Ct. Dec. 18, 2006); Indictment at 1, No. ASL–1336–F2 (Va. Cir. Ct. Dec. 18, 2006). On February 27, 2007, Tory entered a guilty plea with respect to the charges of use of a firearm in the commission of a felony and aggravated malicious wounding. *Commonwealth v. Tory*, No. CR06–5067, at 1 (Va. Cir. Ct. Mar. 1, 2007). On December 18, 2007, the Circuit Court entered final judgment with respect to those

---

[1] *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975).

convictions and sentenced Tory to an active prison term of thirty-eight years. *Commonwealth v. Tory*, No. CR 06–5067, at 1–2 (Va. Cir. Ct. Dec. 18, 2007). Tory did not appeal.

On December 26, 2007, the Circuit Court received a Motion to Modify Sentence from Tory. Motion to Modify Sentence at 1, *Commonwealth v. Tory*, No. CR 06–5067 (Va. Cir. Ct. filed Dec. 26, 2007). On January 7, 2008, the Circuit Court denied Tory's Motion to Modify Sentence. *Commonwealth v. Tory*, No. CR 06–5067 (Va. Cir. Ct. Jan. 7, 2008).

On December 2, 2009, Tory filed a Petition for a Writ of Habeas Corpus with the Circuit Court. Petition for Writ of Habeas Corpus at 1, *Tory v. Methena*, No. CL09–7010 (Va. Cir. Ct. filed Dec. 2, 2009). On March 19, 2010, the Circuit Court dismissed the petition. *Tory v. Methena*, No. CL09–7010, at 6–7 (Va. Cir. Ct. Mar. 19, 2010). Tory pursued an appeal to the Supreme Court of Virginia. On September 29, 2010, the Supreme Court of Virginia refused Tory's petition for appeal. *Tory v. Mathena*, No. 100639, at 1 (Va. Sept. 29, 2010).[2]

On January 4, 2012, Tory filed a Motion to Vacate a Void Judgment of Conviction in the Circuit Court. Motion to Vacate Void Judgment of Conviction at 1, *Commonwealth v. Tory*, No. CL12–278 (Va. Cir. Ct. filed Jan. 4, 2012). On March 22, 2012, the Circuit Court denied that motion. *Commonwealth v. Tory*, No. CL12–278, at 4 (Va. Cir. Ct. Mar. 22, 2012). Tory appealed. On September 26, 2012, the Supreme Court of Virginia refused Tory's Petition for Appeal. *Tory v. Commonwealth*, No. 121043, at 1 (Va. Sept. 26, 2012).

On December 6, 2012, Tory filed his initial request for habeas relief with this Court.[3] In his § 2254 Petition, Tory requests relief upon the following ground:

---

[2] The Circuit Court and the Supreme Court of Virginia employed different spellings for the Respondent's name.

[3] This is the date Tory executed and presumably handed his initial request for habeas relief to prison officials for mailing to this Court. (ECF No. 1, at 6). Accordingly, the Court

2

Before Petitioner was scheduled for his Preliminary Hearing on December 1, 2006[,] [t]he detective working the case recommended to the Common[w]ealth Attorney that the Malicious Wounding charge be Aggravated Malicious Wounding. On December 18, 2006 both charges of Malicious Wounding and Aggravated Malicious Wounding were certified by a grand jury. Petitioner had two active indictments for the same offense. Common[w]ealth Attorney offered a plea for the lesser offense in exchange for a guilty plea. Counsel for the Petitioner never expressed to the Common[w]ealth Petitioner's willingness to accept the plea offer to avoid conviction from the greater offense. As a result the original plea offer was withdrawn and a trial date was set for the greater offense.

(§ 2254 Pet.[4] (ECF No. 3) 14–15 (spelling and spacing corrected).)

## II. ANALYSIS

### A. Statute of Limitations

Respondent contends that the federal statute of limitations bars Tory's claims. Section 101 of the Antiterrorism and Effective Death Penalty Act ("AEDPA") amended 28 U.S.C. § 2244 to establish a one-year period of limitation for the filing of a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. Specifically, 28 U.S.C. § 2244(d) now reads:

1. A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

---

employs this date as the date the federal petition for a writ of habeas corpus was filed. *See Houston v. Lack*, 487 U.S. 266, 276 (1988).

[4] The Court employs the pagination assigned to this document by the Court's CM/ECF docketing system.

**(C)**    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

**(D)**    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

2.    The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

**B.    Commencement and Running of the Statute of Limitations**

Tory's judgment became final on Thursday, January 17, 2008, the last date to file a notice of appeal. *See Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002) ("[T]he one-year limitation period begins running when direct review of the state conviction is completed or when the time for seeking direct review has expired . . . ." (citing 28 U.S.C. § 2244(d)(1)(A))); Va. Sup. Ct. R. 5A:6(a).[5]  Thus, Tory had until Tuesday, January 20, 2009, to file his § 2254 Petition. *See* Fed. R. Civ. P. 6(a)(1)(C).  Because Tory failed to file his request for federal habeas relief until December 6, 2012, the statute of limitations bars the action unless Tory demonstrates entitlement to belated commencement of the limitation period pursuant to § 2244(d)(1)(B)–(D) or equitable

---

[5] The rule provides:

No appeal shall be allowed unless, within 30 days after entry of final judgment or other appealable order or decree, counsel files with the clerk of the trial court a notice of appeal, and at the same time mails or delivers a copy of such notice to all opposing counsel and the clerk of the Court of Appeals.

Va. Sup. Ct. R. 5A:6(a) (West 2007).

4

tolling.[6] As explained below, Tory fails to demonstrate entitlement to belated commencement under § 2244(d)(1)(B)–(D) or equitable tolling.

## C.    Belated Commencement

Under 28 U.S.C. § 2244(d)(1)(D), a prisoner may receive a belated commencement of the limitation period if "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence" occurs after the date on which his conviction became final under 28 U.S.C. § 2244(d)(1)(A). Here, Tory claims, at some time prior to February 7, 2007, the prosecutor offered to allow Tory to plead to the lesser offense of malicious wounding. (§ 2254 Pet. 16–17.) "Counsel informed [Tory] that he would discuss stipulations concerning the plea agreement on February 7, 2007 before having him sign it and taking it in front of the judge." (*Id.* at 17 (spacing corrected).) Although Tory was willing to accept the offer, his counsel failed to convey Tory's willingness to the prosecutor and the prosecutor withdrew the offer. (*Id.* at 16.)

Whether a petitioner has exercised due diligence is a fact-specific inquiry unique to each case. *See Wims v. United States*, 225 F.3d 186, 190–91 (2d Cir. 2000). A petitioner bears the burden to prove that he or she exercised due diligence. *DiCenzi v. Rose*, 452 F.3d 465, 471 (6th Cir. 2006). "'Due diligence . . . does not require a prisoner to undertake repeated exercises in futility or to exhaust every imaginable option.'" *Anjulo–Lopez v. United States*, 541 F.3d 814, 818 (8th Cir. 2008) (quoting *Aron v. United States*, 291 F.3d 708, 712 (11th Cir. 2002)). Due diligence, however, "at least require[s] that a prisoner make *reasonable* efforts to discover the facts supporting his claims." *Id.* (citing *Aron*, 291 F.3d at 712). Moreover, in evaluating a

---

[6] Tory's state Petition for a Writ of Habeas Corpus and Motion to Vacate fail to qualify for statutory tolling under 28 U.S.C. § 2244(d)(2), because the limitation period expired before he filed those actions. *See Deville v. Johnson*, No. 1:09cv72, 2010 WL 148148, at *2 (E.D. Va. Jan. 12, 2010) (citing *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000)).

petitioner's diligence, the Court must be mindful that the "statute's clear policy calls for promptness." *Johnson v. United States*, 544 U.S. 295, 311 (2005).

Here, with reasonable diligence, Tory could have discovered the facts supporting his claim prior to pleading guilty to aggravated malicious wounding on February 27, 2007. A simple inquiry to his counsel or the prosecutor would have revealed counsel's alleged lapse in failing to communicate Tory's willingness to plead to the lesser offense of malicious wounding. *See El–Abdu'llah v. Dir., Va. Dep't Corr.*, No. 3:07CV494, 2008 WL 2329714, at *2 (E.D. Va. June 4, 2008) ("[W]hen counsel's communications or lack thereof indicate that something is amiss . . . due diligence requires the petitioner to act on that information." (citations omitted)). Accordingly, because Tory could have learned of the facts supporting his claim prior to the date his conviction became final, Tory fails to demonstrate entitlement to a belated commencement of the limitation period under 28 U.S.C. § 2244(d)(1)(D).

Tory mentions two recent Supreme Court decisions regarding the effective assistance of counsel during the plea process in his § 2254 Petition. (§ 2254 Pet. 17 (citing *Missouri v. Frye*, 132 S. Ct. 1399 (2012); *Lafler v. Cooper*, 132 S. Ct. 1376 (2012)). These cases fail to warrant belated commencement under 28 U.S.C. § 2244(d)(1)(C) for newly recognized constitutional rights because *Lafler* and *Frye* "simply discussed the constitutional right to effective assistance of counsel in the context of plea bargaining that defendants have enjoyed for decades." *Harris v. Smith*, No. 1:13–cv–182–FDW, 2013 WL 3329050, at *1 (W.D.N.C. July 2, 2013) (citing *In re Perez*, 682 F.3d 930, 932–34 (11th Cir. 2012); *In re King*, 697 F.3d 1189 (5th Cir. 2012)).

### D. Equitable Tolling

Courts may apply equitable tolling to 28 U.S.C. § 2254 petitions. *See Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010). Nevertheless, only "rarely will circumstances warrant equitable

tolling." *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (citing *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000)). The Supreme Court has "made clear that a 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 130 S. Ct. at 2562 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Tory fails to advance any facts that demonstrate equitable tolling is appropriate here.

### III. CONCLUSION

For the foregoing reasons, Respondent's Motion to Dismiss (ECF No. 7) will be GRANTED. Tory's § 2254 Petition will be DENIED. The action will be DISMISSED.[7]

An appropriate Order shall issue.

Date: /0-22-13
Richmond, Virginia

/s/
James R. Spencer
United States District Judge

---

[7] An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (some internal quotation marks omitted) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). Tory fails to meet this standard. Accordingly, a certificate of appealability will be DENIED.