IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**MICHAEL E. TORY, JR.,**

> Petitioner,

v.                                                              Civil Action No. **3:12CV905**

**R.C. METHENA,**

> Respondent.

### MEMORANDUM OPINION

Petitioner, a Virginia inmate proceeding *pro se*, has submitted a "MOTION

REQUESTING AN AUTHORIZATION O[R]DER TO FILE A SECOND WRIT OF HABEAS

CORPUS." (ECF No. 1.) It appeared that Petitioner intended the Motion to challenge his

conviction in the Circuit Court for the City of Virginia Beach, Virginia. By Memorandum Order

entered on April 3, 2013, the Court informed Petitioner that if he wished to file a 28 U.S.C.

§ 2254 petition, he should complete the appropriate forms for filing a 28 U.S.C. § 2254 petition

and return the same to the Court. (ECF No. 2, at 1–2.)[1] Thereafter, Petitioner completed and

returned the forms for filing a petition under 28 U.S.C. § 2254 challenging his convictions in the

Circuit Court of the City of Virginia Beach for aggravated malicious wounding and use of a

firearm in the commission of a felony. (ECF No. 3.) By Memorandum Opinion and Order

entered on October 22, 2013, the Court denied the § 2254 Petition. *Tory v. Methena*,

No. 3:12CV905, 2013 WL 5739790, at *1–4 (E.D. Va. Oct. 22, 2013). The Court found the

relevant statute of limitations barred the action. *Id.* at *3–4. On January 28, 2014, the United

---

[1] The Court further informed Petitioner that if he wished to continue with the action in its current form, within twenty (20) days of the date of entry thereof, he must identify the statute that authorizes the present action.

States Court of Appeals for the Fourth Circuit denied a certificate of appealability. *Tory v Mathena*, 553 F. App'x 305 (4th Cir.), *cert. denied*, 134 S. Ct. 1564 (2014).

On April 3, 2014, the Court received from Tory a motion seeking relief under Federal Rule of Civil Procedure 60(b)(4)&(6)[2] ("Rule 60(b) Motion," ECF No. 23). Petitioner seeks relief under Rule 60(b) on the grounds that (1) the District Court lacked jurisdiction to consider Petitioner's successive habeas petition; and, (2) the District Court denied Petitioner due process of law by failing to consider Petitioner's Response (ECF No. 13) in granting the Motion to Dismiss.

A party seeking relief under Federal Rule of Civil Procedure 60(b) must make a threshold showing of "'timeliness, a meritorious defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances.'" *Dowell v. State Farm Fire & Cas. Auto. Ins. Co.*, 993 F.2d 46, 48 (4th Cir. 1993) (quoting *Werner v. Carbo*, 731 F.2d 204, 207 (4th Cir.1984)). After a party satisfies this threshold showing, "he [or she] then must satisfy one of the six specific sections of Rule 60(b)." *Id.* (citing *Werner*, 731 F.2d at 207).

A judgment is "void" for the purposes of Rule 60(b)(4) "only if the court rendering the decision lacked personal or subject matter jurisdiction or acted in a manner inconsistent with due process of law." *Wendt v. Leonard*, 431 F.3d 410, 412 (4th Cir. 2005) (citing *Eberhardt v. Integrated Design & Constr., Inc.*, 167 F.3d 861, 871 (4th Cir. 1999)). Courts "narrowly

---

[2] That rule provides, in pertinent part:

**(b) Grounds for Relief from a Final Judgment, Order, or Proceeding.** On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

. . . .

**(4)** the judgment is void;

. . . .

**(6)** any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

construe the concept of a 'void' order under Rule 60(b)(4) precisely because of the threat to the finality of judgments . . . ." *Id.* (citation omitted).

Relief under Rule 60(b)(6) is reserved "only [for] truly extraordinary circumstances." *Aikens v. Ingram*, 652 F.3d 496, 501 (4th Cir. 2011) (citation omitted) (internal quotation marks omitted). "[Rule 60(b)(6)] has been described as the 'catch-all' clause because it provides the court with a 'grand reservoir of equitable power to do justice in a particular case' and 'vests power in courts adequate to enable them to vacate judgments whenever such action is appropriate to accomplish justice' where relief might not be available under any other clause in 60(b)." *Eberhardt*, 167 F.3d at 872 (alteration in original) (quoting *Compton v. Alton S.S. Co.*, 608 F.2d 96, 106–07 (4th Cir. 1979)). Furthermore, "if the reason asserted for the Rule 60(b)(6) motion could have been addressed on appeal from the judgment," then Rule 60(b)(6) relief is not available. *Aikens*, 652 F.3d at 501 (citations omitted).

In a somewhat convoluted fashion, Petitioner first suggests that the Court lacked jurisdiction to consider his § 2254 Petition because his § 2254 Petition constituted a second or successive habeas petition which required preauthorization by the United States Court of Appeals for the Fourth Circuit. *See* 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."). This assertion utterly lacks merit. Petitioner fails to identify any prior 28 U.S.C. § 2254 petition he filed which challenged his convictions in the Circuit Court of the City of Virginia Beach for aggravated malicious wounding and use of a firearm in the commission of a felony. Accordingly, the Court rejects Petitioner's assertion that the Court lacked jurisdiction to consider his § 2254 Petition as a basis for Rule 60(b) relief.

3

Next, Petitioner contends that the Court should grant him relief under Rule 60(b) because the Court failed to consider his "MOTION TO APPEAL DISMISSAL OF WRIT OF HABEAS CORPUS" (ECF No. 13) when it ruled on the Motion to Dismiss.  (*See* Rule 60(b) Mot. 14.) Although the Court did not acknowledge this submission when it granted the Motion to Dismiss, *see Tory*, 2013 WL 5739790, at *1, that omission fails to provide a viable basis for Rule 60(b) relief because consideration of that document would not alter the conclusion that the relevant statute of limitations barred the § 2254 Petition.  *See Square Const. Co. v. Wash. Metro. Area Transit Auth.*, 657 F.2d 68, 71 (4th Cir. 1981) (citations omitted) ("As a threshold matter, the [Rule 60(b)] movant must demonstrate the existence of a meritorious claim or defense.")  In his "MOTION TO APPEAL DISMISSAL OF WRIT OF HABEAS CORPUS," Petitioner asserted that he was entitled to a belated commencement of the limitation period in light of the Supreme Court's recent decisions in *Missouri v. Frye*, 132 S. Ct. 1399 (2012); *Lafler v. Cooper*, 132 S. Ct. 1376 (2012).  (ECF No. 13, at 2–3.)  The Court fully considered and rejected this assertion. *Tory*, 2013 WL 5739790, at *3.

> Tory mentions two recent Supreme Court decisions regarding the effective assistance of counsel during the plea process in his § 2254 Petition. (§ 2254 Pet. 17 (citing *Missouri v. Frye*, 132 S. Ct. 1399 (2012); *Lafler v. Cooper*, 132 S.Ct. 1376 (2012)).  These cases fail to warrant belated commencement under 28 U.S.C. § 2244(d)(1)(C) for newly recognized constitutional rights because *Lafler* and *Frye* "simply discussed the constitutional right to effective assistance of counsel in the context of plea bargaining that defendants have enjoyed for decades." *Harris v. Smith*, No. 1:13–cv–182–FDW, 2013 WL 3329050, at *1 (W.D.N.C. July 2, 2013) (citing *In re Perez*, 682 F.3d 930, 932–34 (11th Cir. 2012); *In re King*, 697 F.3d 1189 (5th Cir. 2012)).

*Id.*  Because Petitioner fails to demonstrate any viable basis for relief, his Rule 60(b) Motion (ECF No. 13) will be DENIED.

An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA").  28 U.S.C. § 2253(c)(1)(A).  A COA will not issue

unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C.

§ 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether

(or, for that matter, agree that) the petition should have been resolved in a different manner or

that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v.*

*McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4

(1983)). Because Tory fails to satisfy this standard, a COA will be DENIED.

An appropriate Final Order will accompany this Memorandum Opinion.

/s/
James R. Spencer
Senior U. S. District Judge

Date: *10-10-14*
Richmond, Virginia