

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

MICHAEL E. TORY, JR.,

    Petitioner,

v.                                                                 Civil Action No. **3:12CV905**

R.C. METHENA,

    Respondent.

## MEMORANDUM OPINION

Petitioner, a Virginia inmate proceeding *pro se*, initially submitted a "MOTION REQUESTING AN AUTHORIZATION O[R]DER TO FILE A SECOND WRIT OF HABEAS CORPUS." (ECF No. 1.) It appeared that Petitioner intended the Motion to challenge his conviction in the Circuit Court for the City of Virginia Beach, Virginia. By Memorandum Order entered on April 3, 2013, the Court informed Petitioner that if he wished to file a 28 U.S.C. § 2254 petition, he should complete the appropriate forms for filing a 28 U.S.C. § 2254 petition and return the same to the Court. (ECF No. 2, at 1–2.)[1] Thereafter, Petitioner completed and returned the forms for filing a petition under 28 U.S.C. § 2254 challenging his convictions in the Circuit Court of the City of Virginia Beach for aggravated malicious wounding and use of a firearm in the commission of a felony. (ECF No. 3.) By Memorandum Opinion and Order entered on October 22, 2013, the Court denied the § 2254 Petition. *Tory v. Methena*, No. 3:12CV905, 2013 WL 5739790, at *1–4 (E.D. Va. Oct. 22, 2013). The Court found the relevant statute of limitations barred the action. *Id.* at *3–4. On January 28, 2014, the United

---

[1] The Court further informed Petitioner that if he wished to continue with the action in its current form, within twenty (20) days of the date of entry thereof, he must identify the statute that authorizes the present action.

States Court of Appeals for the Fourth Circuit denied a certificate of appealability. *Tory v. Mathena*, 553 F. App'x 305 (4th Cir.), *cert. denied*, 134 S. Ct. 1564 (2014).

On April 3, 2014, the Court received from Tory a motion seeking relief under Federal Rule of Civil Procedure 60(b)(4)&(6)[2] ("Rule 60(b) Motion," ECF No. 23). Petitioner sought relief under Rule 60(b) on the grounds that (1) the District Court lacked jurisdiction to consider Petitioner's successive habeas petition; and, (2) the District Court denied Petitioner due process of law by failing to consider Petitioner's Response (ECF No. 13) in granting the Motion to Dismiss. By Memorandum Opinion and Order entered on October 10, 2014, the Court denied Tory's Rule 60(b) Motion. *See Tory v. Mathena*, No. 3:12CV905, 2014 WL 5107085, at *3 (E.D. Va. Oct. 10, 2014). The matter is before the Court on Tory's requests for relief with respect to the October 10, 2014 Memorandum Opinion and Order.

Initially, Petitioner seeks relief under Federal Rule of Civil Procedure 59(b). (ECF No. 30, at 1.) That rule provides, "A motion for a new trial must be filed no later than 28 days after the entry of judgment." Fed. R. Civ. P. 59(b). As no trial occurred in the present habeas action, no relief under Rule 59(b) is authorized. *See Reid v. EG & G Tech. Servs., Inc.*, No. 2:10cv448, 2011 WL 4829969, at *2 (E.D. Va. Oct. 12, 2011); *cf. Peacock v. Bd. of School Comm'rs*, 721 F.2d 210, 213 (7th Cir. 1983) ("The most obvious requirement of 59(b) is that

---

[2] That rule provides, in pertinent part:

**(b) Grounds for Relief from a Final Judgment, Order, or Proceeding.** On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
. . . .
(4) the judgment is void;
. . . .
(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

there have been a trial . . . ."). Accordingly, Petitioner's Motion for Relief under Rule 59(b) (ECF No. 30) will be DENIED.

To the extent that Petitioner requests relief under Federal Rule of Civil Procedure 59(e), the United States Court of Appeals for the Fourth Circuit recognizes three grounds for relief under Rule 59(e): "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993) (citing *Weyerhaeuser Corp. v. Koppers Co.*, 771 F. Supp. 1406, 1419 (D. Md. 1991); *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990)). Petitioner fails to demonstrate that the Court committed a clear error of law or any other basis for relief under Federal Rule of Civil Procedure 59(e). *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (emphasizing that the reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly). Despite his complaints to the contrary, Petitioner fails to demonstrate the Court erred in dismissing his § 2254 petition as barred by the relevant statute of limitations or erred in denying his Rule 60(b) Motion. Accordingly, Petitioner's Request for Relief under Rule 59(e) (ECF No. 31) will be DENIED. The Court will deny a certificate of appealability.

An appropriate Final Order will accompany this Memorandum Opinion.

/s/
James R. Spencer
Senior U. S. District Judge

Date: 4-28-15
Richmond, Virginia